## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 05-193-GPM** |
| | ) | |
| DANIEL KUTZ, SR., a/k/a Daniel Kutz, | ) | |
| a/k/a Daniel E. Kutz, and AMERICAN | ) | |
| GENERAL FINANCIAL SERVICES OF | ) | |
| ILLINOIS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, Chief District Judge:**

Before the Court is Plaintiff's motion for entry of judgment. An order of default having been entered against Defendants, the motion (Doc. 21) is **GRANTED**, and **IT IS ORDERED AND ADJUDGED**:

1.      The Court has jurisdiction over the parties and subject matter of this suit. Defendants have been properly served with summons and a copy of the complaint but failed to answer or otherwise enter any appearance herein.

2.      Defendant, Daniel Kutz, Sr., a/k/a Daniel Kutz a/k/a Daniel E. Kutz, executed a note in the amount of $90,000.00 to the United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration). This note was secured by a mortgage dated June 16, 2000, said mortgage on the hereinafter described property being executed by mortgagors wherein the United States of America, acting through the Farmers

Home Administration, United States Department of Agriculture, was the mortgagee.  The mortgage

was recorded on June 20, 2000.

3.      By virtue of the mortgage and indebtedness thereby secured, Plaintiff, United States

of America, has a valid and subsisting lien as follows:

Common address: 14500 Baumann Rd, Highland, Illinois 62249

Legal Description:  Lot 8 in Hickory Hills Subdivision, being a
subdivision of part of the northwest Quarter of the Northwest
Fractional Quarter of Section 7, Township 3 North, Range 4 West of
the Third Principal Meridian, Clinton County, Illinois, as shown on
the plat recorded September 21, 1994 as Document No. 1994-R5528
and in Slide 528 D in the Recorder of Clinton County, Illinois.
Except coal and other minerals underlying said premises with the
right to mine and remove same.

4.      By virtue of the mortgage and the indebtedness thereby secured, as alleged in the

complaint, there is due to Plaintiff, United States of America, as follows:

(a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's Docket and Recording Fees . . . . . . | $      250.00 |
| U.S. Marshal's Costs for Service of Summons  . . . . | $        53.47 |
| Fee to publish Notice of Pendency of Action  . . . . . | $      712.80 |
| Title expenses       . . . . . . . . . . . . . . . . . . . . . . . . . . | $      611.00 |
| TOTAL  . . . . . . . . . . . . . . . . . . . | $   1,695.27 |

(b) For the use and benefit of Plaintiff, holder of the note secured by the mortgage
aforesaid, but subject and subordinate to the lien for payment of the items
mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance . . . . . . . . . . . . . . . . . . . . . | $      106,301.40 |
| Subsidy Recapture paid . . . . . . . . . . . . . . . . . . . . | $        9,851.52 |

Accrued interest at $19.5098 per day due and
unpaid as of November 8, 2006 . . . . . . . . . . . . . . $      26,611.00

Total amount due Plaintiff as of November 8, 2006
exclusive of foreclosure costs  . . . . . . . . . . . . . . $     144,459.19

(c) In addition, Plaintiff may be compelled to advance various sums of money in
payment of costs, fees, expenses, and disbursements incurred in connection with
the foreclosure, including, without limiting the generality of the foregoing, filing
fees, stenographer's fees, witness fees, costs of publication, costs of procuring
and preparing documentary evidence, and costs of procuring abstracts of title,
certificates, foreclosure minutes, and a title insurance policy.

(d) Under the terms of the mortgage, all such advances, costs, and other fees,
expenses, and disbursements are made a lien upon the mortgaged real estate, and
Plaintiff is entitled to recover all such advances, costs, expenses, and
disbursements, together with interest on all advances at the rate provided in the
mortgage, or, if no rate is provided therein, at the statutory judgment rate, from
the date on which such advances are made.

(e) In order to protect the lien of the mortgage, it may or has become necessary for
Plaintiff to pay taxes and assessments which have been or may be levied upon
the mortgaged real estate.

(f) In order to protect and preserve the mortgaged real estate, it may also become
necessary for Plaintiff to make such repairs to the real estate as may reasonably
be deemed for the proper preservation thereof.

(g) Under the terms of the mortgage, any money so paid or expended has or will
become an additional indebtedness secured by the mortgage and will bear interest
from the date such monies are advanced at the rate provided in the mortgage, or,
if no rate is provided, at the statutory judgment rate.

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** by this Court that

judgment shall be entered against Daniel Kutz, Sr., a/k/a Daniel Kutz a/k/a Daniel E. Kutz, and

American General Financial Services of Illinois, Inc., for $144,459.19, and unless Defendants and

their assigns and successors in interest to the above-described property, pay to Plaintiff, United

States of America, acting through the Farmers Home Administration, United States Department of

Agriculture, within three days from the date of this decree the sum of $144,459.19 with attorney's

fees and court costs with lawful interest to be computed thereon from this date until paid, the real

estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for

10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing

to Clinton County, Illinois, by the United States Marshal for the Southern District of Illinois at the

front door of the Clinton County Courthouse in the City of Carlyle, Illinois.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States

Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such

sale, together with a description of the premises as referred to in paragraph 4 of this decree to be

sold, by previously publishing the same once each week for three (3) consecutive weeks as provided

by law in a secular newspaper of general publication in the State of Illinois, the first publication to

be not less than four weeks before the date of such sale; that the United States Marshal may adjourn

the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to

this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the

United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale

and that the certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the Total Balance Due as declared above plus

interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed

by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to

this proceeding or its nominee, and if the sale price is less than the amount required to redeem

specified in subsection (d) of 735 ILCS 5/15-1604, an owner of redemption has a special right to

redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned.  Consequently the redemption period pursuant to 735 ILCS 5/15-1603 shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS 5/15-1602 or 30 days after entry of this Judgment of Foreclosure, whichever is later.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of the proceeds he shall pay to Plaintiff $144,459.19, together with lawful interest to be computed thereon to the date of this decree, and any court costs of this action in its behalf.  The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale in this Court, and in case the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making payments he shall bring such surplus monies into Court without delay for further distribution by Order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that from the date of entry of this Judgment of Foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described real estate.  After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further Order of the Court.  The mortgagors shall

peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period.  In default of mortgagors so doing, an Order of Ejectment shall issue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the monies arising from the sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, the United States Marshal shall specify the amount of deficiency in his report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that the United States Marshal shall report his actions and doings in the

premises in this Court at the earliest possible time.

      **IT IS SO ORDERED.**

      DATED:  12/04/06

                                    s/ G. Patrick Murphy

                                    G. PATRICK MURPHY
                                    Chief United States District Judge